Timothy R. Pack (12193)
Trenton L. Lowe (16091)
John E. Fuller (19264)
**Clyde Snow & Sessions**
201 South Main Street, Suite 2200
Salt Lake City, Utah 84111
Telephone/Facsimile: (801) 322-2516
trp@clydesnow.com
tll@clydesnow.com
jef@clydesnow.com

*Attorneys for Defendant Life Surge LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIAN MCADAM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LIFE SURGE LLC, a Delaware limited liability company,[1] and JANE AND JOHN DOES 1-10,<br><br>Defendants. | **DEFENDANT'S MOTION TO DISMISS AND ALTERNATIVELY MOTION TO TRANSFER VENUE**<br><br>Case No. 2:25-cv-00417-DAK-DAO<br><br>The Honorable Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6), 28 U.S.C.A. § 1406, 28 U.S.C.A. § 1404, and DUCivR 7-1(a), Defendant Life Surge LLC ("Life Surge") files its Motion to Dismiss Plaintiff Brian McAdam's Complaint, and in the alternative, Motion to Transfer Venue.

### SUMMARY OF REQUESTED RELIEF AND SUPPORTING GROUNDS

This case presents a curious posture where Plaintiff Brian McAdam ("Plaintiff") filed this action in a Utah federal court, despite clear governing law and jurisdiction clauses in the

---

[1] The Complaint incorrectly indicated Life Surge LLC as a "Delaware Corporation."

Independent Contractor Agreement (the "Contract") Plaintiff seeks to enforce. Equally concerning is Plaintiff's assertion of baseless claims that lack support in law, the Contract, and even Plaintiff's Complaint. As such, Life Surge respectfully moves to dismiss Plaintiff's Complaint ("Complaint").

First, the Contract plainly contains a forum/venue-selection clause that identifies Florida as the exclusive and correct forum for any disputes related to the applicable contract. The U.S. Supreme Court has previously held that in a motion to dismiss based on a forum/venue-selection clause pointing to a specific state, the forum non conveniens doctrine states that such clause must control in all but the most unusual cases. The Contract clearly establishes that any dispute must be brought in a Florida court and Life Surge's utter lack of connections to Utah cannot establish jurisdiction over it in a Utah court to overcome the Contract's plain language.

Second, Plaintiff failed to state a claim upon which relief can be granted in his Complaint. Plaintiff's Sarbanes-Oxley Act ("SOA"), False Claims Act ("FCA"), breach of contract, and Title VII discrimination claims are simply not supported by law, properly pleaded, or otherwise plausible. These claims, therefore, should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

To bring an SOA claim, Plaintiff is required to have exhausted administrative remedies within 180 days of an alleged violation before filing suit, and an SOA claim is limited to claims against publicly traded companies. Plaintiff has not identified any publicly traded entity involved in the action or pleaded that administrative remedies were exhausted within the required time limit. Plaintiff's own allegations indicate the deadline for exhausting administrative remedies passed long before he filed this case and he failed to properly preserve his claims, which is fatal to his SOA claim.

2

An FCA claim must be pleaded with Rule 9 particularity and identify the "who, what, when, where, and how." Plaintiff entirely failed to assert any factual allegations to support a FCA claim against Life Surge. The only reference to the FCA in the Complaint is a legal conclusion that cannot overcome a motion to dismiss, particularly where the rest of the Complaint is devoid of supporting allegations.

As to the alleged breach of contract, Plaintiff attempts to re-assert his Title VII claim under the guise of breach of contract, though the terms he seeks to invoke are entirely absent from and directly contradicted by the very contract he claims is breached. Under Florida law, which applies here under the Contract's plain language, a contract that does not specify a term or require cause before termination cannot support a claim for loss of future income under such contract. Here, the Contract's terms indicate the contract can terminate at any time, with or without cause, and Plaintiff alleged that Life Surge terminated the contract. As such, Plaintiff cannot seek lost future profit as damages or relief on another basis.

Title VII discrimination protections require an employment relationship and do not extend to independent contractors. In the Complaint, Plaintiff has entirely failed to assert any employment relationship existed and in fact conceded he is an independent contractor by relying heavily on the Contract, styled as the Independent Contractor Agreement. Given the Complaint and contract are the only things the Court can consider when analyzing a 12(b)(6) motion to dismiss, there are no allegations to support Plaintiff's Title VII claim which is fatal to Plaintiff's claim.

Third, the Complaint should be dismissed because the Court lacks personal jurisdiction over Life Surge.  For a court in Utah to have personal jurisdiction over a defendant, the defendant must have sufficient minimum contacts with Utah. The Complaint is devoid of allegations connecting Life Surge to Utah because there are none: Life Surge does not transact any business

in Utah, the Contract makes no reference to Utah, and Life Surge has no contacts with Utah. There is no basis for Plaintiff to have filed in Utah other than to drag Life Surge into an inconvenient forum, which is improper. There is nothing supporting general or specific personal jurisdiction over Life Surge, and the Court should dismiss the Complaint for lack of personal jurisdiction.

Finally, this court is an improper venue for the dispute. Under the applicable venue statutes and rules, Florida would be the proper venue, not Utah. Life Surge does not reside in Utah, and Plaintiff failed to allege a substantial part of the events or omissions giving rise to his claims occurred in Utah. Life Surge does not transact business or operate in Utah, and its association with Plaintiff had nothing to do with Utah. As such, the Court should dismiss the case as this Utah Court is an improper venue for this dispute.

Alternatively, if the Court does not dismiss this matter, under 28 U.S.C.A. § 1406, a court that is an improper venue may transfer the case to a proper venue instead of dismissing the case. Because venue would be proper in Florida, Life Surge requests that the Court transfer the case to Florida as alternative relief in the event the Court does not grant a dismissal.

Based on the foregoing and substantive arguments below, Plaintiff must not be rewarded for ignoring the plain language of the Contract and filing in an improper forum. Even if this Court determines that this forum is proper, Plaintiff's claims must be dismissed for failure to state a claim as each of his claims suffers from fatal deficiencies that make dismissal proper. At the very least, the Court should transfer this action to the appropriate Florida court.

4930-3052-1491, v. 1

## STATEMENT OF FACTS

1.      In his Complaint, Plaintiff asserts Title VII discrimination, Sarbanes-Oxley Act ("SOA"), False Claims Act ("FCA"), and breach of contract causes of action. *See* Complaint, Dkt. 1.

2.      The Complaint fails to state any facts about or occurring in Utah, beyond claiming Plaintiff resides in Utah and the conclusory assertion about venue. *See* Complaint, ¶¶ 1, 5. The Complaint does not allege Life Surge operates in Utah, Plaintiff worked in Utah for Life Surge, Plaintiff was asked or would have been asked to work in Utah for Life Surge, or that Life Surge took any actions in or directed at Utah. Instead, it admits that Life Surge is organized in Delaware and has its principal place of business in Florida. *See* Complaint, ¶ 2.

3.      Life Surge has no contacts with Utah. *See* Declaration of William Bouyoucas, ¶ 11, attached hereto as Exhibit 1.[2] Life Surge is organized in Delaware, but Florida is where Life Surge primarily conducts its business and maintains all of its business records. *See id.* at ¶¶ 3-4. Life Surge has not ever conducted and it does not currently conduct any business in Utah, including between 2024 and 2025. *See id.* at ¶ 5. Life Surge does not have any employees, property or offices in Utah. *See id.* at ¶ 6.

4.      Life Surge did not go to or target Utah to recruit Plaintiff as an independent contractor. *See id.* at ¶ 7. Another company that was going out of business and affiliated with Plaintiff simply referred Plaintiff to Life Surge, outside of Utah. *See id.* Life Surge did not engage Plaintiff to work or otherwise act in Utah on behalf of Life Surge. *See id.* at ¶ 8. Life Surge's association with Plaintiff related to activities held entirely outside of Utah. *See id.* at ¶ 9.

---

[2] Declarations are permissible at the motion to dismiss stage without conversion to a motion for summary judgment regarding matters of jurisdiction. *See XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020); *see also infra.* at Section III.

5.       On February 27, 2024, Plaintiff, as Trillium Management Group, LLC, entered into the Independent Contractor Agreement ("Contract"), which Plaintiff specifically references in his Complaint. *See* Contract, attached hereto as Exhibit 2; Complaint, ¶¶ 19-20, 24-27, 58. Plaintiff alleges his engagement with Life Surge was pursuant to the Contract. *See* Complaint, ¶¶ 19-20, 24-27, 58.

6.       The Contract contains the following forum and venue provision:

Jurisdiction. Each of the signatories hereto hereby irrevocably submits in any suit, action or proceeding arising out of or related to this Agreement or any of the transactions contemplated hereby or thereby to **the exclusive jurisdiction of the State of Florida**." *See* Contract, Ex. 2, § 9 (B).

7.       The Contract contains the following governing law provision:

Governing Law. This Agreement shall be governed by, and be construed in accordance with the laws of the State of Florida and the laws of the United States and shall be binding upon, and shall inure to the benefit of the parties hereto and their respective successors, assigns, heirs and legal representatives. *See* Contract, Ex. 2, § 9 (B).

8.       Nothing in the Contract indicates any connection to Utah. *See generally* Contract.

9.       Nothing in Plaintiff's Complaint alleges any work, interaction, or conduct occurred in or implicated Utah. *See generally* Complaint.

## **ARGUMENT**

### I.    **The Court Should Dismiss on Forum Non-Conveniens Grounds Because There is An Applicable Forum Selection Clause.**

The U.S. Supreme Court has clarified that 28 U.S.C. § 1404 (for clauses pointing to a particular federal district) and doctrine of forum non conveniens (clauses pointing to a state forum) are the proper mechanisms for enforcement of forum-selection clauses. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59-60 (2013). "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 63. "[B]ecause both § 1404(a) and the forum non conveniens doctrine from which it derives entail the same

6

balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id*. at 61. The "traditional remedy of outright dismissal" applies with enforcement of a forum-selection clause on forum non conveniens grounds, but "the same standards should apply" without any heavier burden. *Id*. at 60, 66 n.8.

"Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id*. at 62-63. However, the "presence of a valid forum-selection clause requires district courts to adjust their usual … analysis in three ways." *Id*. at 63. "First, the plaintiff's choice of forum merits no weight." *Id*. "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id*. at 64. "As a consequence, a district court may consider arguments about public-interest factors only." *Id*. "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id*.

Public interest factors may include: (1) administrative difficulties of courts with congested dockets which can be caused by cases not being filed at their place of origin; (2) the burden of jury duty on members of a community with no connection to the litigation; (3) the local interest in having localized controversies decided at home; and (4) the appropriateness of having diversity

cases tried in a forum that is familiar with the governing law. *See Interfab, Ltd. v. Valiant Industrier AS*, 188 F.3d 518, at 2 n.2 (10th Cir. 1999); *Atl. Marine*, 571 U.S. at 62 n. 6.

In this case, the Contract, which Plaintiff integrates into his Complaint and upon which he relies extensively, contains the following forum selection clause:

> Jurisdiction. Each of the signatories hereto hereby **irrevocably submits** in any suit, action or proceeding arising out of or related to this Agreement or any of the transactions contemplated hereby or thereby to **the exclusive jurisdiction of the State of Florida**." *See* Contract, § 9 (B).

"[W]hen venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause [is] mandatory." *Cusano v. Gen. RV Ctr.*, No. 2:18-CV-581, 2019 WL 575899, at 3. (D. Utah Feb. 12, 2019). The Contract's language identifies a particular forum – Florida – and uses obligatory language such as "irrevocably submits" and "exclusive jurisdiction." As such, there exists a relevant mandatory forum selection clause that points to a state forum that is analyzed under the doctrine of forum non conveniens.

With the forum selection clause, the Court must deem the private-interest factors to weigh entirely in favor of Florida. The public interest factors also weigh in favor of Florida. As the Complaint identifies correctly, Life Surge's principal place of business is in Florida (Complaint, ¶ 2), and the Complaint only provides a conclusory allegation that "the acts giving rise to this Complaint occurred" in Utah (*id.*, ¶ 5), despite no evidence that Life Surge operates or transacts business in Utah (*see generally* Complaint). *See also* Bouyoucas Dec., Ex. 1, ¶¶ 3, 5-11. Further, in support of Florida venue, the Contract requires the application of Florida law. Contract, ¶ 9(A) ("This Agreement shall be governed by, and be construed in accordance with the laws of the State of Florida[.]"). The lack of connection to Utah (explained in more detail *infra*) indicates there would be an unnecessary burden on jury members with no connection to the litigation, there is no

local interest being decided "at home" if the case is addressed in Utah, and Utah federal courts are not familiar with Florida's governing law. Therefore, both the private and public interests weigh in favor of enforcing the forum-selection clause by dismissing the case from this Court and requiring Plaintiff to refile in the State of Florida.

## II.    Plaintiff Failed to State a Claim Upon Which Relief Can be Granted.

Rule 12(b)(6) permits a defendant to move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts, which taken as true, make the plaintiffs' "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must "accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation marks omitted). However, "a formulaic recitation of the elements of a cause of action will not suffice," and the Court will "disregard conclusory statements." *Khalik*, 671 F.3d at 1191 (cleaned up).

In considering a motion to dismiss, a court not only considers the complaint, but also attached exhibits, documents incorporated into the complaint by reference, matters of which the court may take judicial notice, and documents referred to in the complaint if they are central to the plaintiffs' claim and the parties do not dispute the documents' authenticity, without converting the motion to a summary judgment motion under Fed. R. Civ. P. 12(d). *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (addressing documents referred to in the complaint); *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006) (addressing judicial notice); *Truman v. Orem City*, 1 F.4th 1227, 1238 n. 7 (10th Cir. 2021) (addressing documents attached to or incorporated

by reference into the complaint). "Mere legal conclusions and factual allegations that contradict such a properly considered document are not well-pleaded facts that the court must accept as true." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997).

### A. Plaintiff failed to plead a plausible Sarbanes-Oxley Act claim, and any such claim is time-barred.

To comply with the "short and plain statement" requirement of Fed. R. Civ. P. 8(a)(2), a plaintiff must give the defendant fair notice of what the claim is and the grounds upon which it rests, which requires that the complaint make clear exactly who is alleged to have done what to whom. *Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 685 (10th Cir. 2019). The Sarbanes-Oxley Act ("SOA") whistleblower protections only apply to claims against publicly traded companies or contractors serving publicly traded companies, not to private companies. *See Lawson v. FMR LLC*, 571 U.S. 429, 440-41, 459 (2014). "To recover under § 1514A [on a Sarbanes-Oxley claim], an aggrieved employee must exhaust administrative remedies by 'filing a complaint with the Secretary of Labor.' … Congress prescribed a 180–day limitation period for filing such a complaint." *Digital Realty Tr., Inc. v. Somers*, 583 U.S. 149, 154 (2018).

Within the Complaint, Plaintiff failed to identify any relevant public company against which he seeks relief, activity protected by the SOA, or actions taken to properly exhaust administrative remedies. *See generally* Complaint. Plaintiff alleges his association with Life Surge terminated in August 2024. *See* Complaint, ¶¶ 38, 48. At the latest, the 180-day exhaustion period expired on or about February 27, 2025, or three months before Plaintiff filed his Complaint and nearly nine months before Plaintiff served his Complaint on Life Surge.

Thus, due to Plaintiff's failure to exhaust any administrative remedies relating to his SOA claim, as well as the passing of the deadline to exhaust any such remedies, Plaintiff is barred from bringing an SOA claim. As a result of this and other pleading issues, Plaintiff failed to plead

sufficiently under Rule 8 and applicable case law in order to state a claim upon which relief can be granted, and dismissal with prejudice is appropriate.

### B. Plaintiff failed to plead a False Claim Act claim at all, let alone with the required Rule 9(b) particularity.

"A plaintiff alleging violations of the False Claims Act must also satisfy the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure." *United States ex rel. Brooks v. Stevens-Henager Coll., Inc.*, 359 F. Supp. 3d 1088, 1103 (D. Utah 2019); *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171-72 (10th Cir. 2010). Rule 9(b) provides that a plaintiff must "state with particularity the circumstances constituting fraud." *Brooks,* 359 F. Supp. 3d at 1103. "To satisfy this standard, a plaintiff must allege the 'who, what, when, where, and how' of the alleged fraud." *Id*. (quotes omitted). "Put another way, the plaintiff must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Id*. "Underlying schemes and other wrongful activities that result in the submission of fraudulent claims are included in the 'circumstances constituting fraud and mistake' that must be pled with particularity under Rule 9(b)." *Id*.; *see Olhausen v. Arriva Med., LLC*, 124 F.4th 851, 859 (11th Cir. 2024). Substantively, "to state a claim under the False Claims Act, a plaintiff must allege three things [with particularity]: (1) the defendant submitted a claim for payment to the Government, (2) the claim was false, and (3) the defendant knew the claim was false." *Brooks,* 359 F. Supp. 3d at 1104; *see United States ex rel. Phalp v. Lincare Holdings, Inc.*, 857 F.3d 1148, 1154 (11th Cir. 2017) (applying same elements); *see also United States v. Marder*, 208 F. Supp. 3d 1296, 1311-12 (S.D. Fla. 2016) (applying same elements but specifying the false claim must be submitted to the government).

Within the Complaint, Plaintiff wholly failed to assert ***any*** factual allegations that Life Surge attempted to submit a false or fraudulent claim for government payments with knowledge

that it was false. *See generally* Complaint, but particularly ¶¶ 44-52. The only reference to the False Claims Act ("FCA") is found in paragraph 52 of the Complaint where Plaintiff alleges the FCA "protects whistleblowers who report fraud involving government funds or programs," but even there, he fails to make any factual allegations related to Life Surge. Complaint, ¶ 52. Plaintiff provides no information as to what "government funds or programs" he is alleging was defrauded by Life Surge, who the alleged Life Surge actors are, the activities that resulted in the submission of a false claim for payment to any governmental entity, or that any such alleged conduct was done with the requisite knowledge of its alleged falsity. In short, Plaintiff failed to properly plead ***any*** facts regarding Life Surge's alleged violations of the FCA, let alone facts sufficient to overcome the high bar imposed by Rule 9 to plead with particularity. Without any allegations, Plaintiff clearly has not identified the who, what, when, where, and how of the FCA claim.

Thus, Plaintiff failed to plead a plausible FCA claim at all, but especially failed to pled with the requisite particularity. Therefore, the Court should dismiss Plaintiff's FCA claim with prejudice.

### C.  Plaintiff failed to plead a plausible breach of contract claim.

Florida law, which applies to the Contract by its express terms, does not support a claim for relief on the basis alleged. "Without an agreement in writing specifying a term and then an attempted unjustified termination before that term has elapsed, [a non-breaching party] has no valid claim for future damages in lost profits under [a] contract terminable at will." *H.P.B.C., Inc. v. Nor-Tech Powerboats, Inc.*, 946 So. 2d 1108, 1111 (Fla. Dist. Ct. App. 2006); *see also Sound City, Inc. v. Kessler*, 316 So. 2d 315, 318 (Fla. Dist. Ct. App. 1975) ("Termination of a contract containing no durational provision does not, per se, constitute a breach of the contract such as to sustain an action for damages for such termination."); *see also Wynne v. Ludman Corp.*, 79 So. 2d

12

690, 691 (Fla. 1955) (applying the analysis in the employment context); *Bagford v. Ephraim City*, 904 P.2d 1095, 1099 (Utah 1995) ("[A] contract that is terminable at the will of either party does not by itself give rise to a protectable property interest because the mere expectation of benefits under such a contract does not give the promisor a legally enforceable right against a promisee to provide future service and therefore does not by itself provide a basis for compensation for loss of future business").

In this case, Plaintiff alleges Life Surge violated the Contract because it terminated the Contract "abruptly and without justification." *See* Complaint, at ¶ 59. However, Plaintiff's "factual allegations that contradict … a properly considered document are not well-pleaded facts that the court must accept as true." *GFF Corp.*, 130 F.3d at 1385.The Contract contains no definitive term and instead explicitly states that it "shall terminate at any time, with or without cause[.]" *See* Contract, Ex. 2, §7. There is no guarantee or requirement for a continuation of the contractual relationship between Life Surge and Trillium as the Contract may be terminated for any reason or no reason at all. Plaintiff failed to state any claim upon which relief may be granted because his only allegations relate non-existent language in the Contract, rendering him unable to obtain any relief. The Court cannot grant relief when the alleged breach has no basis in the applicable and governing Contract.

Thus, Plaintiff is not entitled to any relief under a contract to which he failed to properly allege any breach of the Contract and, as a result, failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). Therefore, the Court should dismiss the claim for breach of contract.

4930-3052-1491, v. 1

### D.  Plaintiff failed to plead a plausible Title VII claim.

"Title VII protections apply only where there is some connection with an employment relationship." *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991); *see Llampallas v. Mini-Circuits Lab, Inc.*, 163 F.3d 1236, 1242 (11th Cir. 1998) ("We have held that only those plaintiffs who are 'employees' may bring a Title VII suit."); *see also Serapion v. Martinez*, 119 F.3d 982, 985 (1st Cir. 1997) ("Although the language [of Title VII] speaks of 'any individual,' courts long ago concluded that Title VII is directed at, and only protects, employees and potential employees."). "[The] protection against discrimination afforded by Title VII is only extended to employment relationships, not to independent contractors." *Mehta v. HCA Health Servs. of Florida, Inc.*, No. 8:05-CV-27-T-24TGW, 2005 WL 8160317, at 3 (M.D. Fla. Aug. 9, 2005); *see Cobb v. Sun Papers, Inc.*, 673 F.3d 337, 341-42 (11th Cir. 1982) (affirming district court's use of common law analysis in concluding Title VII plaintiff was an independent contractor and dismissing case).

In his Complaint, Plaintiff explicitly acknowledges the Contract as an "Independent Contractor Agreement." *See* Complaint, ¶¶ 19, 24. The Contract clearly states the "Parties intend that an independent contractor relationship will be created by this Agreement." *See* Contract, Ex. 2, § 6. At no point in his Complaint does Plaintiff assert he is an employee and thus entitled to the protections of Title VII.

Plaintiff's allegations in the Complaint, which are the only allegations permitted to be considered by the Court, are devoid of any reference to Plaintiff being an employee of Life Surge, which is fatal to his Title VII claim where only employees are entitled to Title VII protections. Plaintiff's claim fails on its face, and any attempt to supplement Plaintiff's allegations via opposition to this Motion, are improper at the motion to dismiss stage and must not be considered.

Thus, Plaintiff failed to state a claim upon which relief may be granted where he conceded to the Contract's application in this matter, conceded he worked with Life Surge under an independent contractor arrangement, and failed to plead at all that he was a Life Surge employee. Therefore, the Court should dismiss Plaintiff's Title VII claim in its entirety.

## III.   The Case Should be Dismissed Because this Court Lacks Personal Jurisdiction Over Life Surge.

A "motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020).[3] "The Plaintiff bears the burden of establishing personal jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (internal citation and quotation marks omitted). "[C]onclusory allegations are insufficient to establish [personal] jurisdiction." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1231 (10th Cir. 2020); *Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011) (requiring plausible, non-conclusory, and non-speculative facts for jurisdictional analysis). When a state's long-arm statute permits the exercise of jurisdiction over non-residents to the fullest extent allowed by due process clause, plaintiff must prove the following for the court to exercise personal jurisdiction over a defendant: (1) a defendant must have "purposefully established minimum contacts within the forum state," and (2) "the assertion of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Dental*, 946 F.3d at 1229. "A defendant's contacts with the forum state may give rise to two variants of personal jurisdiction: general or specific." *Id*. at 1228 n.2. In the event the Court does not dismiss this case based on the doctrine of forum non conveniens and the presence of an explicit forum selection clause in the Contract, as argued in Section I *supra*, the Court may dismiss

---

[3] Fed. R. Civ. P. 12(d), which addresses when a motion to dismiss may be converted into a summary judgment motion, only applies to 12(b)(6) (failure to state a claim) and 12(c) motions, not motions to dismiss on 12(b)(2) (lack of personal jurisdiction) and 12(b)(3) (improper venue) grounds.

for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Based on the Plaintiff's allegations in his Complaint, he cannot establish this Court has personal jurisdiction over Life Surge.

### A.  This Court does not have general jurisdiction over Life Surge.

"General jurisdiction is based on an out-of-state defendant's 'continuous and systematic' contacts with the forum state, and does not require that the claim be related to those contacts." *Shrader*, 633 F.3d at 1239. "A state court may exercise general jurisdiction only when a defendant is 'essentially at home' in the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct*., 592 U.S. 351, 358 (2021). "Only a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction." *Id*. "For entities, the place of incorporation and principal place of business are paradig[m] ... bases for general jurisdiction." *Miller v. Cleara, LLC*, 743 F. Supp. 3d 1357, 1364 (D. Utah 2024) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)) (internal quotes omitted). The Tenth Circuit has noted that "[t]he case law sets the bar quite high" for establishing general personal jurisdiction. *Shrade*r, 633 F.3d at 1243.

In this case, Plaintiff admits that Life Surge is organized in Delaware, and its principal place of business is in Florida. *See* Complaint, ¶ 2; Bouyoucas Dec., Ex. 1, ¶ 3. Life Surge does not conduct any business or have any employees in Utah. *Id.* at ¶¶ 5-6, 11. Life Surge has no contacts with Utah, and the Complaint entirely fails to assert facts indicating Life Surge is operating in Utah. *Id*. at ¶ 11; *see generally* Complaint. With a complete lack of contacts, Life Surge cannot be found "essentially at home" in Utah, which is the "only" time a "court may exercise general jurisdiction" *Ford Motor Co.*, 592 U.S. at 358. Thus, Plaintiff cannot overcome the "quite high" bar required to exercise general personal jurisdiction over Life Surge, and as such, the Court should dismiss this case for lack of general personal jurisdiction.

4930-3052-1491, v. 1

### B. The Court does not have specific jurisdiction over Life Surge.

"The minimum contacts test for specific personal jurisdiction has two requirements: (1) a defendant must have purposefully directed its activities at residents of the forum state, and (2) the plaintiff's injuries must arise out of the defendant's forum-related activities." *Dental Dynamics, LLC*, 946 F.3d at 1229 (internal quotes omitted).

"Purposeful direction (sometimes referred to as purposeful availment) requires that a defendant have 'deliberately ... engaged in significant activities within' the forum State or deliberately directed its activities at the forum State, so that it has 'manifestly availed [itself] of the privilege of conducting business there.'" *XMission, L.C. v. PureHealth Rsch.*, 105 F.4th 1300, 1308 (10th Cir. 2024). The "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Additionally, "'jurisdiction must be based on the conduct of *the defendant* itself' and 'not on the unilateral activity of another party or a third person.'" *PureHealth Rsch.*, 105 F.4th at 1311. "[A] plaintiff's contacts with the defendant and forum" cannot "drive the jurisdictional analysis." *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 969 (10th Cir. 2022). The "defendant's conduct [must] connect[] him to the forum in a meaningful way." *Eighteen Seventy, LP*, 32 F.4th at 969.

Courts have utilized multiple methods for determining "purposeful direction." When contracts are involved, courts often "evaluate the parties' 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing ... in determining whether the defendant purposefully established minimum contacts within the forum.'" *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 905 (10th Cir. 2017). Other claims often require "(1) an intentional action; (2) expressly aimed at the forum state; and (3) with

knowledge that the brunt of the injury would be felt in the forum state." *Dental Dynamics, LLC*, 946 F.3d at 1231. Regardless of the method, a defendant cannot "be subject to the laws of a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, the unilateral activity of another party or a third person, or the mere foreseeability that its actions may cause injury in that jurisdiction." *PureHealth Rsch.*, 105 F.4th at 1308-09.

In this case, Plaintiff cannot establish Life Surge purposefully directed any activity to Utah or that the suit arises out of such activity. Life Surge is not and has not been conducting any business in Utah, nor has it been directing activities at Utah. Bouyoucas Dec., Ex. 1, ¶ 5. Life Surge's association with Plaintiff developed outside of Utah, without any conduct expressly aimed at Utah or contemplated Utah contacts. *Id*. at ¶ 7; *see generally* Contract, Ex. 2. Life Surge's association with Plaintiff and the Contract related to activity outside of Utah, including each of the events cited in Plaintiff's Complaint having occurred outside of Utah with no allegation that any of them occurred in Utah. *See generally* Complaint; Bouyoucas Dec., Ex. 1, at ¶¶ 9-10. In his Complaint, Plaintiff failed to allege any non-conclusory allegation about Life Surge's Utah conduct or that Life Surge had knowledge any injury would be felt in Utah. Accordingly, Life Surge has insufficient minimum contacts with Utah for the Court to exercise personal jurisdiction.

The only connection to Utah is Plaintiff's alleged residence in Utah. *See* Complaint, ¶ 1. However, another party's unilateral activity in a state does not operate to extend specific jurisdiction over the party with no contacts with the state. *See PureHealth Rsch.*, 105 F.4th at 1308-09, 1311. To the extent Plaintiff attempts to claim personal jurisdiction because of his own Utah contacts, such would be improper and impermissible under applicable law.

### C.  The exercise of personal jurisdiction over Life Surge would not comport with fair play and substantial justice.

If Plaintiff is able to establish both requirements to confer specific jurisdiction, which Life Surge denies, the Court then "assesses whether exercising personal jurisdiction over Defendants would otherwise be consistent with traditional notions of fair play and substantial justice." *Eighteen Seventy, LP*, 32 F.4th at 966; *Melea, Ltd. v. Jawer Sa*, 511 F.3d 1060, 1065-66 (10th Cir. 2007) (explaining that the court need only proceed to this analysis if it concludes the defendant has sufficient minimum contacts to convey jurisdiction). Courts may "consider the following factors: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies." *Dental Dynamics, LLC*, 946 F.3d at 1229.

Here, the factors weigh in favor of not exercising personal jurisdiction over Life Surge. Specifically, "[d]efending an action in [Utah] despite having no business dealings, property, or offices there is burdensome" to Life Surge. *Id*. at 1232. There is nothing to indicate Utah law governs the dispute, and in fact, the Contract explicitly states that *Florida* law applies to any dispute between the parties, which weighs heavily in favor of Life Surge. *See id.; see also* Contract, § 9(A). The relevant activities were not in Utah, which means the alleged relevant records and witnesses would not be in Utah. Bouyoucas Dec., Ex. 1, ¶¶ 3-4. When the majority of parties, witnesses, and evidence exists outside of Utah, the judicial system's interest weighs in favor of Life Surge and this case being more appropriately filed in Florida. *See Dental Dynamics*, 946 F.3d at 1233. There is nothing connecting this case to Utah beyond Plaintiff's mere residence, which is not alone sufficient to assert personal jurisdiction over Life Surge. Accordingly, any exercise of

personal jurisdiction over Life Surge would offend traditional notions of fair play and substantial justice. Therefore, the Court should dismiss the case for lack of personal jurisdiction.

## IV.    The Case Should be Dismissed Because This Court is the Improper Venue.

"The standards for deciding a motion to dismiss for improper venue are generally the same as for deciding a motion to dismiss for lack of personal jurisdiction." *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1058-59 (D. Kan. 2006) "Once venue is challenged, it is the plaintiff's burden to show that venue is proper in the forum district." *Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1324 (D. Colo. 2019). In this case, venue is improper under general and specific venue statutes.

### A.    Utah is an improper venue under the general venue statute.

The "question—whether venue is 'wrong' or 'improper'—is generally governed by 28 U.S.C. § 1391." *Atl. Marine,* 571 U.S. at 55. The provision states that except as otherwise provided by law, 28 U.S.C.A. § 1391 "shall govern the venue of all civil actions brought in district courts of the United States." 28 U.S.C.A. § 1391(a). A civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b). "[T]he court must determine whether the case falls within one of these three categories set out [above]… if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine*, 571 U.S. at 56. For venue purposes, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not

20

incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C.A. § 1391(c)(2).

As explained above, Utah lacks personal jurisdiction over Life Surge, but Florida does have personal jurisdiction over Life Surge. *See supra* Part III. This eliminates two of the three grounds (both (1) and (3)) for establishing venue in Utah because Life surge does not reside in Utah and there is another district in which an action may, and must, otherwise be brought based on the plain language of the Contract. As for subsection (2), the Complaint is devoid of facts to show "a substantial part of the events or omissions giving rise to the claim occurred" in Utah. *See generally* Complaint. As detailed *supra*, there is no connection to Utah other than Plaintiff's mere residence, which does not give rise to any claims. Bouyoucas Dec., Ex. 1, ¶¶ 5-11. Life Surge does not conduct any business in Utah and did not while associated with Plaintiff. *Id*. at ¶ 5. Therefore, Utah is an improper venue under the general venue statute.

**B.  Utah is an improper venue under the Title VII venue statute.**

A Title VII claim is governed by a specific venue statute permitting an action "in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C.A. § 2000e-5(f)(3). "For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought." *Id*.

4930-3052-1491, v. 1

As discussed herein, Plaintiff acknowledges and utilizes the Contract, which is an independent contractor agreement, in support of his Complaint extensively. As argued *supra*, Plaintiff is not entitled to Title VII protections as an independent contractor. However, for sake of argument here, even if Plaintiff were an employee, which Life Surge rejects, venue is improper under the Title VII venue statute. Life Surge did not engage in any employment practices in Utah during the relevant time period. Bouyoucas Dec., Ex. 1, ¶¶ 5-11. Life Surge maintains its employment records in its Florida principal place of business, not Utah. *Id*. at ¶ 4. Life Surge's association with Plaintiff did not call for or involve any work in Utah. *Id*. at ¶¶ 8-10; *see generally* Contract. There are no facts to support venue in Utah under the Title VII venue statutes. As such, venue is improper in Utah.

### C.  Utah is an improper venue under the False Claim Act venue statute.

A False Claim Act claim is also governed by a specific venue statute, which may "be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred." 31 U.S.C.A. § 3732(1).

As discussed *supra*, the FCA claim was not pleaded with Rule 9 particularity to even identify what acts allegedly occurred for venue purposes. However, even if he had met his Rule 9 burden, which he has not, Life Surge does not transact business or reside in Utah.  Bouyoucas Dec., Ex. 1, ¶¶ 3, 5-11. Accordingly, venue is improper in Utah under the FCA venue statute.

### D.  Alternatively, the Court Should Transfer the Case to Florida Federal Court.

Under 28 U.S.C.A. § 1406, if venue is improper, a court may "transfer such case to any district or division in which it could have been brought. 28 U.S.C.A. § 1406; *Atl. Marine*, 571 U.S. at 55.

As explained *supra*, venue in the Utah District Court is improper, but if the Court feels dismissal is not warranted based on the arguments herein, the Court may simply transfer venue to the U.S. District Court for the Middle District of Florida.

## CONCLUSION

Based on the foregoing reasons, Life Surge requests that:

1.      Plaintiff's claims be dismissed based on forum non conveniens grounds due to the existing forum-selection clause;

2.       Plaintiff's claims be dismissed under Fed. R. Civ. P. 12(b)(2) because this Court lacks personal jurisdiction over the Life Surge;

3.      Plaintiff's claims be dismissed under Fed. R. Civ. P. 12(b)(3) because this Court is an improper venue;

4.      Plaintiff's claims be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to plead any plausible claims upon which the Court may grant relief; and/or

5.      Alternatively, this matter should be transferred to the U.S. District Court for the Middle District of Florida under 28 U.S.C.A. § 1406.


DATED this 2nd day of March, 2026.

CLYDE SNOW & SESSIONS


/s/ Trenton L. Lowe
Timothy R. Pack
Trenton L. Lowe
John E. Fuller
*Attorneys for Defendant Life Surge LLC*

4930-3052-1491, v. 1